IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALLSTATE VEHICLE AND PROPERTY INSURANCE CO., | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0573-N |
| SAMSUNG ELECTRONICS AMERICA INC., *et al.*, | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Samsung Electronics America, Inc.'s and Samsung Electronics Co., LTD.'s (collectively, "Samsung") Motion to Dismiss (ECF No. 14). For the following reasons, the Court grants in part and denies in part Samsung's motion to dismiss.

## I. Origins of the Motion[1]

On April 1, 2022, Plaintiff Allstate Vehicle and Property Insurance Company's ("Allstate") insured, Brian Sumbler ("Sumbler"), purchased a Samsung electric range with front mounted control knobs from Home Depot. On February 21, 2024, a fire occurred at Sumbler's home causing damage to Sumbler's home and personal belongings. The fire allegedly began after

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Allstate's First Amended Complaint. *See* Pl.'s First Am. Compl. ECF No. 10. At the Rule 12(b)(6) stage the facts are taken as true and viewed in the light most favorable to Plaintiff. *See Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

Sumbler accidentally caused one of the electric burners to turn on by incidentally touching a knob, which in turn ignited flammable materials on top of the electric burner.

Sumbler filed a claim with Allstate under his homeowners insurance policy. Allstate adjusted and paid the claim. Allstate then filed a Petition in Ellis County, Texas on January 30, 2025, asserting subrogation claims on Sumbler's behalf.[2] Samsung filed a notice of removal on March 6, 2025.[3] Allstate filed a First Amended Complaint on May 29, 2025.[4]

## II. Legal Standard for Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."

To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a

---

[2] *See generally* Pl.'s Pet., ECF No. 1-1.
[3] *See* Defs.' Notice Removal, ECF No. 1.
[4] *See* Pl.'s First Am. Compl., ECF No. 10.

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief.

## III. THE COURT GRANTS IN PART AND DENIES IN PART SAMSUNG'S MOTION TO DISMISS ALLSTATE'S STRICT LIABILITY CLAIMS

Allstate pleads two strict liability theories: design defect and manufacturing defect.[5] For the following reasons, the Court grants Samsung's motion to dismiss Allstate's manufacturing defect claim and denies the motion to dismiss Allstate's design defect claim.

A plaintiff must show four elements to substantiate a strict liability claim: (1) a defective product; (2) the defect rendered the product unreasonably dangerous; (3) the product reached the consumer without substantial change in the product's condition from time of original sale; and (4) the defective product caused the injury to the user. *Syrie v. Knoll Int'l*, 748 F.2d 304, 306 (5th Cir. 1984). A product is defective if it is either unreasonably dangerous or dangerous beyond what a regular user of the product, with ordinary knowledge of the product's characteristics common to the community, would contemplate. *Id.* A manufacturer does not insure the designed product, and recovery may be denied if the plaintiff continues to use the product after discovering dangerous

[5] *Id.* at ¶ 12.

propensities. *Shamrock Fuel & Oil Sales Co. v. Tunks*, 416 S.W.2d 779, 785 (Tex. 1967). Texas recognizes three types of product defects: marketing defects, design defects, and manufacturing defects. *Cooper Tire & Rubber Co. v. Mendez*, 204 S.W.3d 797, 800 (Tex. 2006). "Both direct and circumstantial evidence may be used to establish [a] material fact." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). This Court may examine direct evidence, circumstantial evidence, or a combination of both to determine if Allstate has met its pleading burden. *Shaun T. Mian Corp. v. Hewlett-Packard Co.*, 237 S.W.3d 851, 862 (Tex. App.—Dallas 2007, pet. denied).

### *A. Allstate Sufficiently Pleads Causation Between the Alleged Defect and Injury*

Under Texas law, strict liability claims must pass the producing cause test. *Meador v. Apple, Inc.*, 911 F.3d 260, 264 (5th Cir. 2018). A producing cause is a cause in fact and requires the defendant's act or omission be a substantial factor in bringing about the injury. *Id.* No showing of foreseeability is required. *Id.* "The word 'substantial' is used to denote the fact that the defendant's conduct has such an effect in producing the harm as to lead reasonable men to regard it as a cause." *Id.* at 265 (*quoting* Restatement (Second) of Torts § 431 cmt. a (1965)).

Samsung argues that Allstate failed to plead causation because recalls cannot be used as evidence to support a defect and Allstate admitted the insured contributed to the fire.[6] Allstate responds that facts showing the defect as the sole cause of the fire are unnecessary to plead facts showing causation.[7] This Court holds Allstate alleges enough facts to show plausible causation.

The Court does not agree that Allstate's allegation about incidentally touching the stove knob bars Allstate from pleading facts which plausibly demonstrate the range defect was a substantial cause. Allstate states the following: "Specifically, the force required to depress a front-

[6] *See* Defs.' Mot. Dismiss 7–9, ECF No. 14.
[7] *See* Pl.'s Resp. Defs.' Mot. Dismiss 11–13, ECF No. 15.

mounted knob in order to turn it was 3.0 pounds, which made the knob susceptible to being turned by very slight incident/accidental contact."[8] And "a front-mounted knob on the model of the range purchase by Mr. Sumbler could be turned with just one motion, in contravention of safety-standards, which require a two-step (if not a three step) activation process."[9] Allstate alleges a design defect with the knob, specifically, that the knob was too easy to turn.[10] Allstate supports this fact as a design defect by relying on a Samsung recall and the offer of free knob covers.[11] Allstate's allegation that the insured's accidental touch turned the knob, which started the fire, does not alone prevent a finding of causation. To the contrary, Allstate's allegation that the insured inadvertently touched the knob which turned on the range and started the fire provides the "how" lacking in both of Samsung's submitted cases from Pennsylvania. *Heckman v. Samsung Elecs. Am., Inc.*, 803 F. Supp. 3d 312, 320, 324 (E.D. Pa. 2025) ("Absent any allegations as to the circumstances that led to the "unintentional operation" of the burner control knobs on Plaintiffs' oven range, the Court cannot reasonably infer that these purportedly defective knobs were both the cause-in-fact and proximate cause of the fire damage to Plaintiffs' property."); *Hrkach v. Samsung Elecs. Am., Inc.*, 2025 WL 2312322, at *3, *7 (E.D. Pa. 2025) (same). This Court finds that Allstate pled sufficient facts that plausibly demonstrate how a knob that is too easy to turn could cause the injury. The Court therefore denies Samsung's motion as to causation.

### *B. Allstate Fails to Plead a Manufacturing Defect*

Allstate alleges two of the three recognized product defects recognized in Texas, a manufacturing defect and/or design defect.[12] *Cooper*, 204 S.W.3d at 800. Samsung specifically

---

[8] *See* Pl.'s First Am. Compl. ¶ 12, ECF No. 10.
[9] *Id.*
[10] *Id.* at ¶ 5.
[11] *Id.*
[12] *Id.* at ¶ 8.

argues Allstate failed to adequately plead a manufacturing defect.[13] Samsung does not specifically address the design defect; therefore, this Court will examine only Allstate's manufacturing defect claim and not the design defect.[14]

Samsung argues Allstate's pleading fails to plead a manufacturing defect claim because Allstate's facts demonstrate a defect in the design process, not a defect in the manufacturing process.[15] Allstate argues the pleading only needs to show a deviation from the planned output to satisfy the manufacturing defect standard.[16] A manufacturing defect exists when a product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A plaintiff must prove that the product was defective when it left the hands of the manufacturer and that the defect was a producing cause of the plaintiff's injuries. *Id.*

The Court agrees that Allstate failed to plead facts to support the manufacturing defect claim. Allstate did not plead a particular defect occurred in the manufacturing process. Allstate does plead sufficient facts to show a defect in the design process by listing where all the stoves manufactured by Samsung failed to meet certain safety standards, but to survive a Rule 12(b)(6) motion, Allstate must plead facts showing a particular mishap in the manufacturing process or how the manufacturing process specifically contained a defect. *Cofresi v. Medtronic, Inc.*, 450 F. Supp. 3d 759, 767 (W.D. Tex. 2020); *Elmazouni v. Mylan, Inc.*, 220 F. Supp. 3d 736, 741–42 (N.D. Tex. 2016). Therefore, this Court grants Samsung's motion to dismiss Allstate's manufacturing defect claim without prejudice.

---

[13] *See* Defs.' Mot. Dismiss 9–11, ECF No. 14.
[14] *See generally* Defs.' Mot. Dismiss, ECF No. 14.
[15] *Id.* at 9–11, ECF No. 14.
[16] *See* Pl.'s Resp. Defs.' Mot. Dismiss 13–15, ECF No. 15.

## IV. Allstate has Sufficiently Pleaded a Negligence Claim

To state a negligence claim, a plaintiff must prove (1) a legal duty owed by defendant to plaintiff, (2) breach of that duty, and (3) damages proximately caused by the breach to recover from the supplier of an allegedly defective product. *Dewayne Rogers Logging, Inc. v. Propac Indus., Ltd.*, 299 S.W.3d 374, 385 (Tex. App.—Tyler 2009, pet. denied). A plaintiff establishes a breach of duty by showing the defendant did something a prudent person exercising ordinary care would not do under those circumstances, or that defendant failed to do something an ordinarily prudent person would do in exercise of ordinary care. *Id; see Alm v. Aluminum Co. of Am.*, 717 S.W.2d 588, 591 (Tex. 1986) (explaining that a manufacturer, as well as all suppliers of a product, has a duty to inform users of hazards associated with the use of its products). Strict products liability and negligence are normally distinct causes of action, each with its own elements. *Shaun T. Mian Corp.*, 237 S.W.3d at 857. However, when a plaintiff brings both products liability and negligence claims, courts have dismissed the negligence claim when plaintiff fails to allege some conduct outside of whether the product was unreasonably dangerous when sold. *Id.; Ford Motor Co. v. Miles*, 141 S.W.3d 309, 315 (Tex. App.—Dallas 2004, pet. denied).

The Texas Supreme Court explained the distinction between strict liability and negligence in the context of products liability:

> The care taken by the supplier of a product in its preparation, manufacture, or sale, is not a consideration in strict liability; this is, however, the ultimate question in a negligence action. Strict liability looks at the product itself and determines if it is defective. Negligence looks at the acts of the manufacturer and determines if it exercised ordinary care in design and production.

*Gonzales v. Caterpillar Tractor Co.*, 571 S.W.2d 867, 871 (Tex. 1978). A manufacturer or supplier of a product owes a duty of reasonable care to the product users and to those in the foreseeable danger zone. *Syrie*, 748 F.2d at 307. "These suppliers must exercise reasonable care to prevent

physical harm that can reasonably be foreseen to result from the use of the product for its intended purpose, and they must take reasonable care to discover the dangerous propensities of the product and to warn those who might be endangered by it." *Id.* (quoting W. Dorsaneo, Texas Litigation Guide § 320.03[1] (1984)). Negligent design and manufacturing claims are predicated on the existence of safer alternatives and absent an alternative design the claim fails as a matter of law. *Davis v. Hilton Worldwide Holdings Inc.*, 2021 WL 11045893, at *5 (E.D. Tex. 2021), *report and recommendation adopted*, 2021 WL 11045735 (E.D. Tex. 2021).

Samsung argues that Allstate's negligence claim should be dismissed because the negligence claim mirrors the strict liability claim.[17] Allstate responds that the negligence claim should be allowed to remain because Allstate alleges broader conduct than just the product being unreasonably dangerous when sold.[18] The Court agrees with Allstate that it properly pleaded negligence.

In *Am. Econ. Ins. Co. v. Dormont Mfg. Co.*, the court there found that the plaintiff properly pled a negligence claim separate from a product liability claim because plaintiff alleged defendants breached the duty of reasonable care in the "design, manufacture, development, production and marketing of the Appliance Connector so that it would reach its intended user in a non-defective, safe condition, thereby preventing the exposure of an unreasonable risk of harm." 2024 WL 5371986, at *7 (W.D. Tex. 2024); *see also Davis*, 2021 WL 11045893, at *5 (dismissing a negligence claim because plaintiffs failed to plead a safer alternative design should have been used).

---

[17] *See* Defs.' Mot. Dismiss 12–13, ECF No. 14.
[18] *See* Pl.'s Resp. Defs.' Mot. Dismiss 15–16, ECF No. 15.

Here, Allstate pled deviations from safe manufacturing standards and alternative designs.[19] Among other facts, Allstate pled Samsung continued marketing the stove models with allegedly defective front controls long after it was on notice of the danger. This supports Allstate's claim that it pled actions separate and distinct from strict liability. Therefore, this Court denies Samsung's Motion to Dismiss Allstate's negligence claim.

## V. The Court Grants in Part and Denies in Part Samsung's Motion to Dismiss Allstate's Breach of Express and Implied Warranties Claims

Allstate alleges both claims for breach of express warranty and implied warranty.[20] Though both claims are under the same heading, this Court will analyze each clam in turn.[21] A claim for breach of warranty can arise from either an express warranty agreed to by the parties in a contract or an implied warranty arising by operation of law. *AIG Europe LTD. V. Caterpillar Inc.*, 2019 WL 8806217, at *18 (E.D. Tex. 2019).

### *A. Allstate Fails Adequately to Allege that Samsung Communicated an Express Warranty*

Pleading an express warranty claim in Texas requires a plaintiff to plead facts demonstrating six elements. These elements include:

> (1) the defendant-seller made an express affirmation of fact or promise relating to the goods; (2) that affirmation or promise became part of the bargain; (3) the plaintiff relied upon that affirmation or promise; (4) the goods did not comply with the affirmation or promise; (5) the plaintiff was damaged by the noncompliance; and (6) the failure of the product to comply was the proximate cause of the plaintiff's injury.

*Omni USA, Inc. v. Parker-Hannifin Corp.*, 964 F. Supp. 2d 805, 814 (S.D. Tex. 2013). Allstate must plead facts which show a communication between defendants and plaintiff constituting an

[19] *See* Pl.'s 1st Am. Compl. ¶ 12–14, ECF No. 10.
[20] *Id.* at ¶ 9.
[21] *Id.* at ¶ 9–10.

alleged warranty to a specific person. *Fearrington v. Bos. Sci. Corp.*, 410 F. Supp. 3d 794, 806 (S.D. Tex. 2019).

Here, Allstate has pleaded no facts showing a communication between defendants and plaintiff constituting an express warranty.[22] The portions of the Amended Complaint cited in Allstate's Response do not constitute the type of communication required. "Defendants expressly and/or impliedly warranted that the electric range installed in [Allstate's] insured's residence was merchantable and fit for its ordinary use."[23] Allstate further argues "[e]xpress warranties regarding merchantability and fitness are routinely created through product manuals, packaging, advertising materials, websites, and other marketing communications."[24] However, Allstate provides no examples of the express warranties contained in the above listed materials. *See Deeds v. Whirlpool Corp.*, 2016 WL 6070552, at *11 (S.D. Tex. 2016) (dismissing a case after plaintiff failed to identify an express warranty in the complaint). Therefore, this Court grants Samsung's motion to dismiss and dismisses Allstate's express warranty claim without prejudice.

### *B. Allstate has Sufficiently Pled a Claim for Breach of the Implied Warranty of Merchantability*

Three implied warranties exist under Chapter 2 of the Texas Business and Commerce Code: (1) transactions involving the sale of goods including the warranty of title, (2) the warranty of merchantability, and (3) the warranty of fitness for a particular purpose. *Worldwide Sorbent Prods., Inc. v. Invensys Sys., Inc.*, 2014 WL 12596585, at *11 (E.D. Tex. 2014); TEX. BUS. & COM. CODE §§ 2.312–.315. Liability under the latter two depends on finding the product to be defective, i.e. unfit for an ordinary purpose, because it lacks something necessary for adequacy. *Id.* To make

[22] *See generally* Pl.'s First Am. Compl., ECF No. 10.
[23] *See* Pl.'s Resp. 17, ECF No. 15.
[24] *Id.*

out a case for breach of the implied warranty of merchantability, a plaintiff would have to show that a merchant leased or sold him a product, the product was unfit for its ordinary purpose, he notified the defendant of the breach, and he suffered injury because of the breach. *AIG Europe*, 2019 WL 8806217, at *18–19. A defect in strict liability and a defect in implied warranty for merchantability mean two different conditions. *Sanchez v. QuikTrip Corp.*, 2019 WL 1380310, at *2 (N.D. Tex. 2019). A strict liability defect renders a product unreasonably dangerous. *Id.* A defect in an implied warranty for merchantability claim renders the product unfit for the ordinary purpose. *Id.* Therefore, allegations of a defect may suffice for a strict liability claim but not render a product unfit for the ordinary purpose for which it is used. *Id.*

Here, Samsung argues Allstate failed to allege the kind of defect required by the implied warranty of merchantability.[25] Allstate responds that allegations about the front facing knobs being too easy to turn satisfy the required defect.[26] As noted above, a plaintiff must plead facts showing a defect renders the product unfit for its ordinary purpose. *Id.* Texas courts have generally agreed defects which manifest while the product is in ordinary use satisfy the defect standard. *See Coulter v. Deere & Co*., 2022 WL 3212999, at *7 (S.D. Tex. 2022) (holding a plaintiff's mower flipping over and catching fire while mowing uneven land satisfied the defect standard); *see also Sanchez*, 2019 WL 1380310, at *2 (holding a cut which occurred while cleaning a dough cutter, but not using a dough cutter to cut dough, does not satisfy the defect standard). Here, Allstate's alleged defect includes knobs which turn on too easily from an accidental touch. Samsung erroneously limits the use of a stove to cooking food; a stove is also not supposed to heat up from an incidental touch and start a fire. The Court holds that Allstate has sufficiently pled a claim for breach of the implied warranty of merchantability.

---

[25] *See* Defs.' Mot. Dismiss 15–16, ECF No. 14.
[26] *See* Pl.'s Resp. Defs.' Mot. Dismiss 19, ECF No. 15.

## VI. THE COURT GRANTS SAMSUNG'S MOTION TO DISMISS ALLSTATE'S CLAIMS UNDER MALFUNCTION THEORY/RES-IPSA LOQUITUR

### *A. Allstate Has Not Adequately Pleaded a Malfunction Theory of Recovery*

Section 3 of the Restatement (Third) of Torts posits a "malfunction theory" which allows a jury to infer plaintiff's injury was caused by a product defect if (1) the incident was of a kind that ordinarily occurs as a result of the product defect and (2) was not the result of causes other than the product defect at the time of sale or distribution. Restatement (Third) of Torts: Prod. Liab. § 3 (1998); *Murnane v. Sony Elecs., Inc.*, 2014 WL 12537080, at *3–4 (S.D. Tex. 2014). The Texas Supreme Court has never recognized malfunction theory but has indicated that if it were ever to do so, it would apply only to new or almost new products. *Lazar v. Electrolux Home Prods., Inc.*, 2022 WL 1594428, at *3 (S.D. Tex. 2022). But Allstate does not allege the range was new or almost new. To the contrary, Allstate pleads the range was almost two years old.[27] Accordingly the Court grants Samsung's motion to dismiss Allstate's malfunction theory of recovery.

### *B. Res-Ipsa Loquitur Does Not Apply*

Allstate acknowledges that res ipsa in Texas is a rule of evidence, not a rule of substantive law. *See* Pl. Br. at 20 (quoting *Suzlon Wind Energy Corp. v. Shippers Stevedoring Co.,* 662 F. Supp. 2d 623, 657 (S.D. Tex. 2009)). The Court therefore dismisses Allstate's amended complaint to the extent it appears to assert a freestanding claim for res ipsa loquitur.

## CONCLUSION

For the forgoing reasons, Samsung's motion to dismiss (ECF No. 14) is granted in part and denied in part. The Court grants Allstate leave to amend its complaint within twenty-eight (28) days of the date of this Order if it believes it can cure the defects discussed in this Order.

[27] *See* Pl.'s First Am. Compl. ¶ 7, ECF No. 10.

Signed this 8th day of September, 2026.



David C. Godbey
Senior United States District Judge